**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS ROLANDO ACEVEDO GONZALEZ, | No. 11-73663 |
| Petitioner, | Agency No. A200-691-682 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Jesus Rolando Acevedo Gonzalez, a native and citizen of El Salvador,

petitions pro se for review of a Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo the agency's legal determinations. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny the petition for review.

Gonzalez failed to meet his burden of demonstrating by clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States, or that his late filing should be excused. *See* 8 U.S.C. § 1158(a)(2)(B), (D).

Substantial evidence supports the BIA's conclusion that the injuries Gonzalez sustained during military service were not on account of a protected ground, and that his father's death was a casualty of war. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Substantial evidence also supports the BIA's conclusion that the threats Gonzalez allegedly received did not constitute persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Further, substantial evidence supports the BIA's conclusion that Gonzalez failed to show that individuals who fought in the Salvadoran army during the civil war are being targeted for harm. *See Zetino v.*

*Holder*, 622 F.3d 1007, 1016 (9th Cir.2010); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution is too speculative). Accordingly, his withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of CAT protection because Gonzalez failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiesce of a public official in El Salvador. *See Santos-Lemus*, 542 F.3d at 748.

**PETITION FOR REVIEW DENIED.**